IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY HAMILTON,

          Plaintiff,

v.

COUNTY OF DANE, *et al.*,

          Defendants.

OPINION AND ORDER

22-cv-504-slc

---

    Dane County Sheriff's Detective Anthony Hamilton has sued Dane County and several members of the Sheriff's Office, alleging that they violated his civil rights by conspiring (successfully) to kick him off the Sheriff's Office's Tactical Response Team, a special unit whose members get a bump in wages and benefits. Before the court is defendants' motion to dismiss Hamilton's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 19. Because I agree with defendants that Hamilton's "class of one" theory of discrimination is not actionable under 42 U.S.C. § 1985(3), I am granting the motion and dismissing the amended complaint.

    In ruling on the motion to dismiss, I must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In doing so, I find the complaint fairly alleges the following:

### ALLEGATIONS OF THE COMPLAINT

    At all relevant times, plaintiff Anthony Hamilton was employed by the Dane County Sheriff's Office as a detective. Until 2021, Hamilton was a member of the office's Tactical Response Team ("TRT"), a special unit of the sheriff's office that takes on particularly risky or complex investigations or operations. Membership in the TRT entitled Hamilton to additional wages and benefits beyond those received by their colleagues in the sheriff's office.

On March 25, 2021, Hamilton and other sheriff's office colleagues executed a warrantless search of several rooms at the Magnuson Grand Hotel. One of the participating team members was defendant Mark Schroeder, a sergeant in the sheriff's office. Hamilton believed that Schroeder had behaved inappropriately during the search. Hamilton also believed that the sheriff's office should have obtained a warrant before executing the search.

After the search, Hamilton shared these concerns, including those about Schroder's actions, with his co-workers, including Lieutenants Ira Simpson and Krista Hayes. Hayes asked Hamilton to write a report regarding the search, to write a memo about Schroeder's conduct during the search, and to provide video evidence from the search taken from Hamilton's helmet-mounted camera. Schroeder also wrote a report about the search, in which he said that he had instructed Hamilton to obtain a warrant for the search. Hamilton denies that Schroeder told him to obtain a search warrant and alleges that Schroeder lied in his report.

A few days later, the sheriff's office summoned Hamilton to a disciplinary hearing, accusing him of creating an unauthorized recording during the search and sharing the recording over social media, and challenging his "conduct related to the written documentation of the incident." After the hearing, Hamilton received a letter from Hayes, which included false statements and misrepresentations, recommending that he be suspended without pay for five days. Hamilton then told the sheriff, defendant Kalvin Barrett about Hayes's false statements and misrepresentations. The suspension was later shortened to two days, though not removed entirely, and the letter was revised to remove some—but not all—of Hayes's false statements and misrepresentations.

Barrett ultimately removed Hamilton from the TRT based on the information provided by Hayes, despite being told by Hamilton that Hayes's report included multiple false statements and misrepresentations. Hamilton asked for an outside investigation of the matter. Hamilton was later told by Chief Deputy Chris Nygaard that Barrett was aware of Hayes's misconduct during the investigation, and Captain Matt Karls agreed with Hamilton that an outside investigation was required. However, Barrett did not arrange for any such investigation.

Other members of the TRT who were present at the Magnuson Grand Hotel on March 25, 2021 were not suspended without pay or suspended from the TRT. Hamilton was treated differently than the other members due to personal animus held against him by defendants because of his willingness to expose misconduct by superior officers.

On September 6, 2022, Hamilton filed this lawsuit, seeking for reinstatement to the TRT, back pay and other monetary relief against the sheriff's office and against Barrett, Simpson, Schroeder and Hayes in their individual and official capacities. Dkt. 1. He asserted two theories of relief: (1) defendants conspired to deprive him of membership on the TRT, in violation of 42 U.S.C. § 1985; and (2) a "class of one" equal protection claim under 42 U.S.C. § 1983. Defendants filed a motion to dismiss on January 26, 2023, dkt. 9, after which Hamilton filed an amended complaint. Dkt. 13. In the amended complaint, Hamilton dropped his § 1983 equal protection claim, but he continues to assert two claims under § 1985(3): (1) against Dane County for conspiracy to deprive him of his property interest in guaranteed employment and TRT membership; and (2) against Barrett, Schroeder, Hayes, and Simpson in their individual capacities for conspiring to deprive him of the same property interest.

ANALYSIS

42 U.S.C. § 1985(3) "provides a cause of action for persons who are victims of a conspiracy to deprive them of the 'equal protection of the laws' or 'equal privileges and immunities under the laws.'" *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 827 (7th Cir. 2022) (citation omitted). A plaintiff bringing a § 1985(3) claim must plead these elements:

(1) a conspiracy;

(2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and

(3) an act in furtherance of the conspiracy;

(4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Id.* (citing *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828–29 (1983)).

Defendants argue that Hamilton has failed to plausibly allege *any* of these four elements, but it is only necessary to discuss the second element. To plead this element, the plaintiff must allege "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). *See also Milchtein,* 42 F.4th at 827; *Williams v. Dane Cty. Narcotics Task*, No. 20-CV-957-WMC, 2022 WL 4079023, at *4 (W.D. Wis. Sept. 6, 2022).

Hamilton concedes that he has not alleged racial animus or even that he is a member of some other suspect class. Instead, he maintains that he can satisfy the second element by establishing that he was the victim of "class of one" discrimination, that is, that he was

intentionally treated from others similarly situated without a rational basis for the difference in treatment. Response Brief, dkt. 24, at 6 (citing *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Hamilton is incorrect. Under settled law, "the equal protection violation necessary to predicate a § 1985(3) claim must be a race-based or other class-based violation, not a class-of-one violation." *Thorncreek Apartments I, LLC v. Vill. of Park Forest*, No. 08 C 1225, 2015 WL 2444498, at *2 (N.D. Ill. May 20, 2015), aff'd sub nom. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626 (7th Cir. 2018) ("[T]he jury's finding of liability on the § 1985(3) conspiracy claim is invalid without a predicate race-based or class-based equal-protection violation. That's a correct statement of settled law."); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("Section 1985(3) prohibits a conspiracy to deprive another of equal protection under the law ..., but the conspiracy must be motivated by racial, or other class-based discriminatory animus. Smith has failed to sufficiently allege such animus because status as a parolee is not considered a 'suspect class' for equal-protection purposes.") (in turn citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), and *Green v. Benden*, 281 F.3d 661, 665 (7th Cir.2002)); *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir.1992) ("§ 1985(3) does not reach bias based on economic status" or "nonracial political conspiracies"); *Munson v. Friske*, 754 F.2d 683, 695 n.8 (7th Cir.1985) ("We follow the Seventh Circuit precedent requiring a class-based invidiously discriminatory animus to be proved in all section 1985(3) cases because the Supreme Court added the animus requirement in order to give full effect to the language and purpose of the statute."); *Underfer v. Univ. of Toledo*, 36 Fed.Appx. 831, 833–34 (6th Cir.2002) (citable pursuant to 6th Cir. L.R. 32.1) (holding that a class-of-one claim cannot underlie a § 1985(3) claim); *Grimes v. Smith*, 585 F.Supp. 1084, 1089–90 (N.D. Ind. 1984) (Posner, J.) (rejecting a § 1985(3) claim because "there is no racial or similar hostility behind the conspiracy

5

in the present case that would take it out of the category of purely political conspiracies"), *aff'd*, 776 F.2d 1359 (7th Cir.1985); *Snyder v. Smith*, 7 F. Supp. 3d 842, 850 (S.D. Ind. 2014) ("Neither the Supreme Court nor the Seventh Circuit has credited a 'class of one' conspiracy claim under Section 1985(3), and such a broad interpretation would be inconsistent with the Supreme Court's command that the statute be construed in a limited manner."); *Gross v. Town of Cicero*, 2006 WL 288262, at *12 (N.D. Ill. Feb. 1, 2006) ("a 'class of one' theory does not support a claim under Section 1985(3)"), aff'd in part, rev'd in part on other grounds, 619 F.3d 697 (7th Cir. 2010); *McCleester v. Dep't of Labor & Indus.*, 2007 WL 2071616, at *15 (W.D. Pa. July 16, 2007) (compiling cases).

Accordingly, because it is clear that no relief could be granted under any set of facts that could be proved consistent with his allegations, Hamilton's amended complaint must be dismissed. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

ORDER

Defendants' motion to dismiss the amended complaint for failure to state a claim, dkt. 19, is GRANTED. The amended complaint is DISMISSED with prejudice.

Entered this 30th day of May, 2023.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge